United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON ALEXANDER POLK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-24-1097 |
| | § | Criminal Action No. H-17-007-2 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Petitioner Nelson Alexander Polk's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 815) and the Respondent United States' Motion for Summary Judgment (Criminal Document No. 850). Having considered the motions, submissions, and applicable law, the Court determines the Respondent's motion should be granted, and the Petitioner's motion should be denied.

## I. BACKGROUND

Petitioner Nelson Alexander Polk ("Polk") was part of a crew that became involved in "an armored car robbery at a bank automated teller machine scheme" in 2016. *United States v. Hill,* 63 F.4th 335, 342 (5th Cir. 2023). The Crew's first robbery targeted a Wells Fargo automated teller machine ("ATM"). During the

robbery, an armored car driver was murdered. The crew planned a second robbery targeting an Amegy Bank ATM. However, the police were tipped off, and after months of surveillance, the crew was appended while attempting to commit the second robbery. Polk and one of the codefendants were arrested at the scene of the second robbery attempt.

In March 2018, Polk was charged in a four-count indictment alleging (1) aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 1952 ("Count One"); (2) aiding and abetting the use of a firearm during a crime of violence causing the death of person in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(3), and (j)(1)("Count Two"); (3) attempted Hobbs Act robbery in violation of 18U.S.C. § 1951(a) ("Count Three"); and (4) aiding and abetting the discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(3) ("Count Four").[1] Polk (and his codefendants) were convicted on all counts. This Court sentenced Polk to two concurrent 240-month terms on Counts One and Three, followed by two consecutive life terms on Counts Two and Four.[2]

The five co-defendants argued an initial consolidated appeal. *Hill*, 35 F.4th at 366. Of note, the Fifth Circuit held that the evidence was sufficient to support a conviction for Court Four, aiding and abetting discharge of a firearm during a crime

---

[1] *Second Superseding Indictment*, Criminal Document No. 200 at 1–12.

[2] *Sentencing Hearing Minute Sheet*, Criminal Document No. 547 at 1.

of violence, as predicated on attempted Hobbs Act robbery. *Id.* at 395. Upon panel rehearing, however, the Fifth Circuit vacated Count Four as to all defendants, based on the Supreme Court's holding in *United States v. Taylor*, 596 U.S. 845, (2022), that *"attempted* Hobbs Act robbery does not qualify as a crime of violence." *Hill*, 63 F.4th at 363-64. On October 2, 2023, the Supreme Court denied Polk's petition for a writ of certiorari.

On March 8, 2024, Polk, moving *pro se*, timely filed his motion under 28 U.S.C. § 2255 ("Section 2255"). Polk moved for relief, asserting two grounds for his Section 2255 motion.[3] On July 22, 2024, the United States filed its response requesting that this Court grant summary judgment against all of Polk's claims without further proceedings.[4]

---

[3] Polk states two general grounds in his Section 2255 motion. *Petitioner Nelson Alexander Polk's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, Criminal Document No. 815 at 1–13. However, Polk's memorandum expands his second ground (ineffective assistance of counsel) into two distinct issues that the Court will address. *Memorandum of Law in Support of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, Criminal Document No. 816 at 1–26.

[4] *United States' Motion for Summary Judgment*, Criminal Document No. 850 at 1–26. *Also see, United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989) (holding, where a defendant's § 2255 claims are "either contrary to law or plainly refuted by the record," a court may deny them without an evidentiary hearing).

3

## II. STANDARD OF REVIEW

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once the petitioner's chance to direct appeal has been exhausted, courts are allowed to

4

presume the petitioner was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). Ineffective assistance of counsel, if shown and applicable, will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Additionally, a claim for ineffective assistance of counsel is properly brought for the first time in a § 2255 motion, *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

## III. LAW & ANALYSIS

Polk moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on two grounds. Polk contends that Supreme Court precedent requires that his conviction under Count Two be vacated ("Ground One"). Polk further contends that his trial counsel ("Trial Counsel") rendered ineffective assistance of counsel ("Ground Two"). The United States contends the record conclusively forecloses on Polk's grounds for relief under Section 2255.

*A. Ground One*

Polk contends his conviction under Count Two should be vacated due to the Supreme Court Holding in *Lora*. In *Lora*, the Supreme Court held that a defendant who was sentenced under 18 U.S.C.S. § 924(j) did not receive a term of imprisonment imposed under 18 U.S.C.S. § 924(c), and as such, the consecutive sentence mandate in the defendant who was sentenced under 18 U.S.C.S. §

5

924(j) did not receive a term of imprisonment imposed under 18 U.S.C.S. § 924(c). *Lora v. United States*, 599 U.S. 453, 453 (2023). Accordingly, the district court had the discretion to impose the petitioner's § 924(j) sentence concurrently with another sentence. *Id* at 453.

Polk contends that "the Supreme Court[']s recent decision held that consecutive sentences mandate not applicable to 924(j) sentences [sic]."[5] The United States contends that the holding in *Lora* regarding consecutive sentences represents a procedural change in sentencing and does not apply retroactively to collateral review.[6] A procedural rule "regulate[s] only the manner of determining the defendant's culpability." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (stating that a substantive rule "alters the range of conduct or the class of persons that the law punishes," while a procedural rule "regulates [s] only the manner of determining the defendant's culpability"). Here, Polk only attacks the discretionary consecutive sentence rule, which allows courts to fashion a sentence to achieve the desired outcome. Accordingly, the consecutive sentence rule promulgated by *Lora* is procedural and does not apply retroactively on collateral review.[7] Therefore, the

---

[5] *Memorandum of Law in Support of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, Criminal Document No. 816 at 3.

[6] *United States' Motion for Summary Judgment*, Criminal Document No. 850 at 1–15.

[7] The United States also contends that Polk's Ground One is procedurally defaulted. *United States' Motion for Summary Judgment*, Criminal Document No. 850 at 15–18.

6

Court found that Polk's Ground One for vacating his sentence under Section 2255 fails and that summary judgment should be granted in favor of the United States. The Court now turns to Polk's Ground Two.

B.  *Ground Two*

Polk contends Trial Counsel was ineffective by not investigating possible alibi witnesses and not filing a motion to suppress certain evidence. The United States contends that Polk has failed to show that Trial Counsel was constitutionally ineffective. The United States further contends the record forecloses on Polk's allegations.

The Court analyzes an allegation of ineffective assistance of counsel in a § 2255 motion under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). The movant must show his counsel's performance was both deficient and prejudicial to prevail on an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700; *Willis*, 273 F.3d at 598. To show deficiency, the movant must show his counsel's assistance was outside a broad range of what is considered reasonable. *Strickland*,

---

Collateral challenge may not do service for an appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). The record indicates that Polk has never raised his Ground Two on direct appeal. Accordingly, Polk's Ground Two also fails due to being procedurally defaulted.

7

466 U.S. at 669. Counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). To overcome that presumption, a petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 121-22. "The question is whether an attorney's representation *amounted to incompetence* under 'prevailing professional norms.'" *Premo*, 562 U.S. at 122.

To establish prejudice, the petitioner "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694). Thus, when a petitioner challenges his conviction, this issue is whether "a reasonable probability exists that the jury would have had a reasonable doubt as to guilt." *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result. *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). "Counsel's errors must be 'so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.' " *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687). The movant must prove both prongs of the analysis: counsel tendered deficient performance, and the movant suffered

8

prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). The Court addresses each of Polk's ineffective assistance of counsel claims.

Polk first contends that Trial Counsel failed to adequately investigate an alibi witness that would have refuted him being present at the crimes he was convicted of. The United States contends that Polk's claims are conclusory, and he does not offer any specifics that would prove the existence of the alleged alibi witness.[8] Polk contends his mother gave Trial Counsel an affidavit from a potential alibi witness.[9] However, Polk does not elaborate on what the alleged witness would say or how it would affect the outcome of his case. Polk does not even provide the Court with the name of this alleged witness or the affidavit that was allegedly written at the time of the trial. *Day v. Quaterman*, 566 F.3d 527, 538 (5th Cir. 2009) (holding that uncalled witnesses are not favored in habeas corpus review and that to prevail, a petitioner must provide the name of the witness, the content of the testimony, and how it would affect the outcome of the case). Accordingly, Polk has failed to meet the high burden set by *Strickland* as it relates to ineffective assistance of Trial Counsel regarding the alleged alibi witness.

---

[8] *United States' Motion for Summary Judgment*, Criminal Document No. 850 at 19–20.

[9] *Memorandum of Law in Support of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, Criminal Document No. 816 at 6–7.

Polk also contends that Trial Counsel was ineffective by not arguing that evidence from his phone should be suppressed. The United States contends that the record indicates that the Trial Counsel moved to suppress evidence numerous times. Indeed, the record indicates that the Trial Counsel moved twice to suppress the phone and other evidence in this case.[10] The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 495 (1976). To the extent Polk contends Trial Counsel was ineffective by not moving to suppress the evidence from the phone, the record definitively refutes those assertions. As discussed above, the record shows that Trial Counsel did move to suppress the evidence multiple times. Polk appears to contend that the evidence was intentionally "tainted" by the government and that Trial Counsel should have pursued that theory in her attempts to suppress the phone data.[11] The United States contends that Polk provides no

---

[10] The Court notes that a codefendant moved to suppress the evidence (which Polk adopted) and Polk through Counsel moved separately to suppress the evidence. *See Defendant's Motion to Suppress*, Criminal Document No. 149 at 1–6 and *Motion to Suppress Evidence Resulting from use of Illegal Seizure of Cell Site Information*, Criminal Document No. 228 at 1–8.

[11] *Memorandum of Law in Support of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence*, Criminal Document No. 816 at 9–11.

evidence to support claims that the evidence was tainted and offers nothing to show that such an argument by Trial Counsel would not have been frivolous. Counsel is not required to "raise meritless objections." *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009). Nothing in the record shows Trial Counsel was outside the broad range of what is considered reasonable assistance when she moved multiple times to suppress the evidence. Accordingly, Polk's Ground Two to vacate his sentence under Section 2255 fails. Therefore, the Court found the United States' motion for summary judgment should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner Nelson Alexander Polk's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 815) is **DENIED**. The Court further

**ORDERS** that the Respondent United States' Motion for Summary Judgment (Criminal Document No. 850) is **GRANTED.**

11

**THIS IS A FINAL JUDGMENT.**[12]

SIGNED at Houston, Texas, on this __8__ day of August, 2023.

*David Hittner*
DAVID HITTNER
United States District Judge

---

[12] A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes reasonable jurists would not find its assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different manner . . . ."). Because Polk does not allege facts showing his claim could be resolved in a different manner, a certificate of appealability will not be issued.